show fraud on the part of the grantee.  The plaintiff offers a deed absolute on its face.  The defendant offers to show a defeasance not recorded as required by the act of 1881, which we are required by the provisions of that act, and the authorities under it, to reject and thereby the defense falls.

And now, April 7, 1905, let a decree be drawn for the partition of the land described in the bill and the appointment of a master to make partition thereof.

*Error assigned* was the decree of the court.

*R. A. McCullough*, with him *H. A. Heilman*, for appellants.

*George B. Gordon*, of *Dalzell, Scott & Gordon*, with him *James H. McCain* and *W. J. Christy*, for appellee.

PER CURIAM, October 30, 1905 :
This judgment is affirmed on the opinion of the court below.

---

## Stricker *v.* McDonnell, Appellant.

*Mortgage—Bond—Debt—Satisfaction.*

A bond and mortgage are separate obligations though for the payment of the same debt.  The mortgage though in fact usually the more important item in the transaction is in form and legal effect only collateral security for the bond, and suit, judgment and satisfaction upon it, is not a discharge of the obligation of the bond unless the debt itself is satisfied.

A bond and mortgage were given to secure a portion of the purchase money for real estate.  The mortgage after reciting the bond continued as follows: "Now this indenture witnesseth that the said party of the first part as well for and in consideration of the premises as of the aforesaid debt . . . . and for the better securing the payment thereof unto the party of the second part executors, administrators and assigns in discharge of said obligation above recited . . . . have granted," etc.  *Held*, that the effect of the words "in discharge of the said obligation above recited," i. e., the bond, was not that a sale under the mortgage was a satisfaction of the bond.

Argued Oct. 11, 1905.  Appeal, No. 118, Oct. T., 1905, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1904,

No. 274, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Clara V. Stricker and Oscar J. Stricker, executors of Julius Stricker, deceased, v. J. J. McDonnell. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias to revive a judgment.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that in October, 1892, J. J. McDonnell gave a bond and mortgage for $2,700 to secure payment of balance of purchase money due Dr. Julius Stricker. McDonnell defaulted in payment of amount covered by the bond and mortgage, a sci. fa. was issued upon the mortgage, a judgment entered thereon, execution issued and the property sold for $25.00 to the mortgagee. Subsequently judgment was confessed upon the bond. The plaintiff having died, his executors were substituted and caused a sci. fa. to issue for the purpose of reviving and continuing the lien of said judgment. To this action an affidavit of defense was filed in which it was alleged that the bond was canceled and the debt discharged by the sale had through proceedings upon the mortgage. The terms of the mortgage are stated in the opinion of the Supreme Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Thomas J. Itell*, for appellant.

*Frederick A. Sobernheimer*, for appellees, was not heard.

PER CURIAM, October 30, 1905:

A bond and mortgage are separate obligations though for the payment of the same debt. The mortgage though in fact usually the more important item in the transaction is in form and legal effect only collateral security for the bond, and suit, judgment and satisfaction upon it, is not a discharge of the obligation of the bond unless the debt itself is satisfied: Ayres v. Wattson, 57 Pa. 360.

The mortgage in the present case, which was for part of the purchase money of the same land conveyed by plaintiff's testator to defendant, after reciting the bond, continued : " Now this indenture witnesseth that the said party of the first part, as well for and in consideration of the premises as of the aforesaid debt . . . . and for the better securing the payment thereof unto the said party of the second part, executors, administrators and assigns in discharge of the said obligation above recited . . . . hath granted," etc.    The appellant claims that the effect of the words " in discharge of the said obligation above recited," i. e., the bond, is that a sale under the mortgage is a satisfaction of the bond.    But there is nothing in the language to sustain such a departure from the presumed purpose in giving the double obligation, nor is any such intention of the parties set forth in the affidavit of defense, which rests the satisfaction on the claim as a conclusion of law that the sale under the mortgage " operates as a legal and just extinguishment and payment of the said indebtedness."    But this is not the legal and usual operation of such a sale, nor as already said is the language such as to imply an intention of the parties to that effect.    On the contrary, the words as already quoted are " in consideration of the premises (the recital of the debt and the bond) as of the aforesaid debt . . . . and for the better securing the payment thereof."    It is the payment of the debt which is to discharge the other obligation, to wit : the bond, to which the mortgage is legally only a collateral security.    Though the wording is a little different the purpose is the same that is expressed in the more common form.

Judgment affirmed.