## Citizens National Bank of Evans City v. Rose Hill Cemetery Association of Butler, Appellant.

Argued April 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William C. Robinson,* with him *D. B. Tobe,* and *Henninger & Robinson,* for appellant.

*G. Helwig,* with him *Leo M. Stepanian, Steven A. Stepanian, II, Brydon & Stepanian,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

In 1968 appellant executed a mortgage note to appellee in the amount of $44,000. In May of 1970 appellee confessed judgment against appellant by virtue of a warrant of attorney contained in the mortgage note, and execution was issued on the judgment. Appellant thereafter filed a petition to open or strike the judgment, alleging, *inter alia,* that appellee had failed to follow the applicable procedures enunciated in Pennsylvania Rule of Civil Procedure 2950 *et seq.,* with respect to confessions of judgment.[1]

---

[1] It is nowhere contended that the Act of February 24, 1806, 4 Sm. L. 270, §28, as amended, 12 P.S. §739 is applicable to the instant case.

Subsequently,[2] appellee filed a petition for leave to file a complaint nunc pro tunc. The lower court in its opinion noted that "for reasons unknown to this court" appellee had failed to follow the procedures mandated by the Pennsylvania Rules of Civil Procedure in obtaining the first confession of judgment. The trial judge then said: "The affidavit of default in this case is similar in some respects to the 'new' Complaint now required under the rules. Like Alice in Wonderland I can dub this affidavit a Complaint, and get around counsel's argument that since there is no Complaint filed, there is nothing to amend."

We believe that the lower court has no such power. While our courts will allow amendment of strictly formal defects, *West Penn Sand & Gravel Co. v. Shippingsport Sand Co.*, 367 Pa. 218, 80 A. 2d 84 (1951), "[t]he entry of a valid judgment can only be accomplished if such entry is accomplished in rigid adherence to the provisions of the warrant of attorney." *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 293, 228 A. 2d 887, 888 (1967). The Pennsylvania Rules of Civil Pro-

---

[2] Appellee also confessed judgment a second time on the same mortgage note. Execution was issued on this judgment and appellant again petitioned for leave to open or strike the judgment. In this petition appellant alleged that appellee already had one judgment for the same debt and could not have another and also that the second judgment was void because the warrant of attorney upon which it was based was exhausted in obtaining the first judgment.

The trial court did not reach the issue presented by this second confession of judgment and the issue does not appear to be directly before this court. However, appellant is correct in contending that full exercise of a warrant of attorney in an instrument exhausts the warrant even if the original judgment is stricken off because of irregularities appearing on the face of the record. *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 228 A. 2d 887 (1967); *Bellevue Borough v. Hallett*, 234 Pa. 191, 83 A. 66 (1912); 6A Standard Pennsylvania Practice, Judgments, ch. 29, §164.

cedure must also be strictly followed if a valid confession of judgment is to be entered.

The Court below maintains that Pennsylvania Rule of Civil Procedure 126 gives the court "a wide latitude of discretion" to allow appellee to file a complaint nunc pro tunc. Rule 126 states: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Both the lower court and appellee overlook the fact that a confession of judgment may well affect "the substantial rights of the parties." "The burdens of establishing a defense imposed upon a defaulting debtor who has signed a contract containing a confession of judgment clause and against whom judgment has been entered are greater than those faced by the typical debtor." *Swarb v. Lennox,* 314 F. Supp. 1091, 1094 (E.D. Pa. 1970), certiorari granted, 401 U.S. 991, 91 S. Ct. 1220 (1971). For example, if a debtor seeks to open judgment, the burden of proof is shifted and it is the debtor who must convince the court that he is entitled to relief. A greater burden is placed on the debtor regardless of whether the debtor is an individual, as in *Swarb,* or a corporation, as in the instant case.

The Pennsylvania Supreme Court has observed that "[a] warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law. The signer deprives himself of every defense and every delay of execution, he waives exemption of personal property from levy and sale under the exemption laws, he places his cause in the hands of a hostile defender." *Cutler Corp. v. Latshaw,* 374 Pa. 1, 4, 97 A. 2d 234, 236 (1953). The use of this "most powerful and drastic document" has been eliminated or se-

verely restricted in the vast majority of jurisdictions in the United States. See, 16 Vill. L. Rev. 571, 573n. 9 (1971) and accompanying text. The Pennsylvania Rules of Civil Procedure pertaining to confessions of judgment were written to give a debtor additional protection by prescribing requirements such as the detailed sworn complaint, the notice procedure, and improvements in the procedure for relief from confessed judgments. 3 Goodrich-Amram, 331 (Supp. 1970) (Commentary to Rules 2950-2962 of the Pennsylvania Rules of Civil Procedure). We can see no reason in law or policy for permitting a court to abrogate these protections by waiving the mandatory provisions of the Rules[3] and allowing a plaintiff to file a complaint nunc pro tunc.

If such a procedure is allowed very serious due process questions are raised. In our view there is serious enough question as to the constitutional validity of any confession of judgment proceeding without permitting substantial violations of the Rules of Civil Procedure to be "corrected" to the detriment of a debtor who would otherwise be sued in the normal, legal manner.

The order of the lower court is reversed and the judgment against appellant at C.P. No. 405, June Term, 1970 is opened.

---

[3] The Rules provide:

"(b) An action which is not filed under the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, sec. 28, as amended, 12 P.S. §739, *shall* be commenced by filing with the prothonotary a complaint substantially in the form provided by Rule 2952 . . . ." Rule 2951.

"The complaint *shall* contain the following: . . . ." Rule 2952.

"(a) Within twenty (20) days after the entry of judgment the plaintiff *shall* mail to the defendant, by ordinary mail addressed to the defendant at his last known address, written notice of the entry setting forth the date, the court, term and number and the amount of the judgment, and file with the prothonotary an affidavit of mailing the notice. . . ." Rule 2958. (Emphasis added.)