James, Appellant, *v.* Silverstein.

*Gordon W. Gerber,* with him *Frank J. Eisenhart, Jr.,* and *Dechert, Price & Rhoads,* for appellant.

*Kimber E. Vought,* with him *William M. Barnes,* and *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION BY SPAETH, J., June 14, 1973:

This is an appeal from an order granting a petition to open a confessed judgment.

A race horse was owned by seven persons. Three of the seven agreed to buy the interest of the other four, appellant being one of the four. Part of the agreement was that the three would pay appellant some $247,000, payment to be by judgment notes, to be given appellant by May 5, 1972, one note from each buyer. As security, bonds with a market value of $300,000 were to be deposited in escrow, and if appellant was not paid as agreed, he could confess judgment against the bonds. Appellee, who is the husband of one of the three buyers, posted the bonds. However, the three buyers did not give appellant the judgment notes. Instead, on May 8, which was one business day after May 5, appellee gave appellant his note, in the same amount as the combined total of the three notes agreed upon. On May 22 appellant confessed judgment. On September 28 appellee petitioned the lower court to open the judgment. On November 14 the court granted the petition.

A petition to open judgment is an appeal to the equitable side of the court, and the lower court's decision

will not be disturbed absent a manifest abuse of discretion. *Thomasik v. Thomasik*, 413 Pa. 559, 198 A. 2d 511 (1964). In deciding whether there has been such an abuse, it must be determined whether the petitioner has a defense on the merits, and whether he was reasonably prompt in seeking to have the judgment opened. *Fox v. Mellon*, 438 Pa. 364, 264 A. 2d 623 (1970).

Appellee's defense on the merits is that the deviations from the agreement were so immaterial as not to constitute a breach. Appellant acknowledges that appellee's note is as secure as the three notes specified in the agreement would have been. However, he contends that the circumstances in which the agreement was negotiated were such that appellee was on notice that literal compliance would be required.

Perhaps appellant is right. However, he is not so clearly right that it can be said that the lower court abused its discretion in letting appellee into a defense. "Where . . . there is serious doubt as to whether there was any default, . . . the matter should be threshed out before a jury." *Arata v. Wright*, 101 Pa. Superior Ct. 575, 578 (1931). At least on the present record it appears immaterial that one note was given instead of three; and as regards the fact that the note was given on May 8 instead of May 5, as a general rule the time of performance is not strictly limited to that specified in a contract unless it is stated in the contract, or circumstances show, that time is of the essence. *Bogojavlensky v. Logan*, 181 Pa. Superior Ct. 312, 124 A. 2d 412 (1956). "It is a recognized principle that where time is not of the essence, the mere failure to perform on the date mentioned in a contract is not per se a breach which wholly destroys the contract. [Citations omitted.]" *Bogojavlensky, supra* at 319, 124 A. 2d at 416.

Appellant relies on *Harris v. Sharples*, 202 Pa. 243, 51 A. 965 (1902), for the proposition that a contract should be strictly enforced. There, the Supreme Court set aside a jury verdict for the plaintiff because the final copies produced by the plaintiff, who was a printer, varied from the sample copies that the plaintiff had submitted to the defendant buyer for approval in that the plaintiff had stamped his name on the final copies. In addition to circumstances showing the defendant's insistence on strict compliance, it appeared that the plaintiff's ". . . departure from the proofs was wilful and intentional" in that the samples could have been submitted to the defendant with the plaintiff's stamp on them. *Harris, supra* at 248, 51 A. at 967. In the present case it does not appear, at least not now, that the deviations from the agreement were wilful. Appellant also relies upon *Monnoyer v. Gaffney*, 222 Pa. Superior Ct. 168, 292 A. 2d 523 (1972), but there the question was whether the lower court had abused its discretion in refusing to open a judgment, which is not the question here.

With respect to whether appellee was reasonably prompt in seeking to have the judgment opened: The four month delay, from May 22 to September 28, was not such as requires reversal of the lower court's order. No detriment to appellant appears. "Mere delay by appellee in his application to open will not validate an invalid judgment. Laches will not be imputed where no injury has resulted to the other party by reason of the delay: [citations omitted]." *Jos. Melnick B. & L. v. Melnick*, 361 Pa. 328, 338-39, 64 A. 2d 773, 778 (1949).

The order of the lower court is affirmed.

HOFFMAN, J., took no part in the decision of this case.