408 A.2d 1092

In Re ESTATE of Joseph R. EVANOVICH, a/k/a J. R. Evanovich, a/k/a Joseph Evanovich, a/k/a Joseph Pinkey Evanovich, Deceased.

**Appeal of Geraldine EVANOVICH, Executrix.**

Supreme Court of Pennsylvania.

Submitted Sept. 20, 1979.

Decided Dec. 21, 1979.

56

George C. Blissman, Jr., East McKeesport, for appellant.

G. N. Evashavik, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Geraldine Evanovich, executrix of the estate of Joseph R. Evanovich, appeals from a final decree which allowed a $16,000.00 claim against the estate by appellee, Frank Evanovich, brother of the decedent.

The claim allowed was based on a debt evidenced by a bond which had been executed in 1961 in conjunction with a mortgage recorded on property of the decedent. Although in 1969 the claimant signed a marginal entry of satisfaction on the recorded mortgage, the trial court concluded that that entry was not intended to satisfy the underlying debt which had not been paid, and allowed the claim. Appellant contends that the evidence was insufficient to establish the claim against the estate. We do not agree.

Appellee's claim arose by reason of a bond and mortgage executed by the decedent on February 24, 1961 in the office of appellee's attorney who had prepared the documents. No evidence was presented that any payment was ever made by the decedent to his brother, appellee. In 1969, appellee visited his attorney and told him that since he was not receiving payments on the mortgage he wanted to have the mortgage satisfied on the record so that he would not have to pay personal property taxes. The attorney prepared an instrument stating that the debt had been paid in full and the mortgage satisfied. Appellee refused to sign that instrument but later went to the Courthouse personally and signed a notation on the record that the mortgage was satisfied. The bond on which the claim was based and which had been in the possession of appellee's attorney was introduced into evidence.

A bond and mortgage are separate obligations. The bond evidences the debt and the mortgage provides the collateral security for the debt. *Stricker v. McDonnel,* 213 Pa. 108, 62 A. 520 (1905); *Safe Deposit Co. v. Kelly,* 159 Pa. 82, 28 A. 221 (1893); *Fleming v. Parry,* 24 Pa. 47 (1854). Although the mortgage lien is satisfied, recovery may still be had on the bond. *Stricker, supra ; Safe Deposit, supra ; Fleming, supra.*

The possession of the bond by the claimant's agent was significant evidence of the claimant's right to recover. This Court has said:

"The possession of an instrument in writing for the payment of money affords proof, prima facie, of a right in the holder to recover upon it according to its terms. The holder is not required to prove that it has not been paid. His case is made by the production of the instrument in the first instance, and the burden of showing payment is on him who alleges it. Whether the instrument be a note, a bond, or a contract, like that on which this judgment was entered, the rules of evidence are the same."

*Whitney v. Hopkins,* 135 Pa. 246, 255, 19 A. 1075, 1076 (1890).

The only evidence suggesting that the debt had been paid was the entry on the mortgage at the Courthouse. This entry did not state that payment had been made or that the underlying bond was intended to be satisfied. In a case substantially similar to the one before us, this Court said:

"The Court relied much on the *words* used in satisfying the mortgage. They were substantially but not exactly the words prescribed by Act of Assembly, but neither the debt nor the bond are mentioned. 'I, Andrew Fleming, do hereby acknowledge to have received satisfaction in full of this mortgage.' These words, signed and sealed by the mortgagee, were all-sufficient to put the mortgage out of existence, and sufficient, too, to satisfy the debt, if so intended. *Prima facie* they would indeed import extinguishment of the debt as well as the mortgage, and the burden of showing they were not so intended was on the creditor; but when he submitted evidence on that point, proper for the consideration of the jury, it was for *them* to decide whether the words had been satisfactorily explained, as intended only to wipe off the mortgage. The error consisted in setting up a conclusive presumption of law, on grounds fitted only for a presumption of fact." (Emphasis in original.)

*Fleming v. Parry,* 24 Pa. at 51.

As in *Fleming, supra,* when evidence was submitted to the fact finder as to appellee's intent, it was for the fact finder to determine whether the intention was to satisfy only the mortgage. The fact finder concluded that the oral and documentary evidence was clear. Since (1) the appellee or his agent had possession of the bond; (2) credible evidence was presented explaining that the satisfaction was not intended to extinguish the debt; and (3) no evidence of payment was introduced, we find no basis for disturbing the decree of the trial court.

Decree affirmed. Costs on appellant.

## OPINION

PER CURIAM:

The foregoing opinion, written by Mr. Justice Manderino prior to his death on November 8, 1979, is adopted and filed as the opinion of the Court.

Decree affirmed. Costs on appellant.