421 A.2d 321

FIRST VALLEY BANK

v.

**Dennis J. DONATELLI and Sharon L. Donatelli, his wife, Appellants.**

FIRST VALLEY BANK

v.

**Lawrence E. KISSLINGER and Beverly A. Kisslinger, his wife, Appellants.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 8, 1980.

522

David F. Dunn, Allentown, for appellants.

Wesley M. Wasylik, Bethlehem, for appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

ROBERTS, Judge:

Appellants the Donatellis (No. 915 October Term, 1979) and the Kisslingers (No. 916 October Term, 1979) challenge orders of the Court of Common Pleas of Northampton County dismissing their petitions to strike or open confessed judgments in favor of appellee First Valley Bank. The sole issue in dispute is whether the court of common pleas properly concluded that appellants did not timely seek relief. We affirm.

---

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

On January 2, 1975, appellants executed separate agreements guaranteeing all loans "now, heretofore or hereafter made to Lehigh Stationary Co., Inc., by [appellee] Bank and all present and future debts and obligations of the said borrowers or any of them to the Bank, now due or hereafter becoming due to an amount not exceeding $45,000.00." The agreements additionally provide:

"To the BANK are hereby pledged and the undersigned, jointly and severally, give to the BANK, as security for the payment of the liability of the undersigned hereunder a lien upon all the funds, moneys, balances, stocks, bonds, notes, policies of life insurance, or the proceeds thereof, claims and property whatsoever of the undersigned at any time in the possession or control of the BANK, together with the full right in the BANK to apply, set off or credit same against the above–mentioned liability of the undersigned."

That same day appellants executed demand judgment notes, with clauses for the confession of judgment, in the face amount of $45,000.00. On January 24, 1975, appellee Bank recorded the confessed judgments in the office of the Prothonotary of Northampton County. See generally 6A Standard Pennsylvania Practice, Ch. 29 (Judgments) § 143 (1960). Thereafter, appellee Bank made numerous loans to Lehigh Stationery Co., Inc. in reliance upon the guarantee agreements and $45,000.00 confessed judgments. Appellee Bank also made a series of loans directly to appellants as partners trading as Lehigh Stationery Co.

On February 24, 1978, appellee Bank demanded payment of all outstanding loans made to the corporation and to the partners. The corporation and partners failed to pay. On March 2, appellee Bank filed praecipes for writs of execution on the confessed judgment notes. Pursuant to the writs, the Sheriff of Northampton County levied on appellants' realty.

On March 15, 1978, appellants as partners and the corporation filed original petitions in bankruptcy, working an automatic stay on appellee Bank's execution proceedings.

Thereafter, however, on August 15, 1978 the bankruptcy court lifted the stay. On that day the parties had stipulated that certain commercial realty would be surrendered to the Bank and that in exchange a mortgage and 1975 note of $100,000 would be satisfied of record. One week later, on August 22, appellants filed their petitions to strike or open the confessed judgments. On October 12, 1978, the bankruptcy court adjudged Lehigh Stationery Co., Inc. bankrupt.

Citing partnership promissory notes marked "cancelled" in June and October of 1975, appellants' petitions alleged "the judgment debt, if any, . . . has been fully paid" and therefore they are entitled either to have (1) "the judgment expunged from the record" or (2) "the chance to prove it." Appellants' petitions additionally contained only the bare allegation that they "have acted promptly." The court of common pleas entered a rule on appellee Bank to show cause, "[a]ll proceedings shall stay meanwhile." Appellee Bank timely answered, denying appellants' allegations. Appellee added that (1) the confessed judgment notes were to guarantee debts of the corporation, not the partnership, (2) the "cancelled" notes were those of the partners, not the corporation, and (3) in any case, the cancellation reflected not payment but only the consolidation of the notes with later obligations of the partnership. The parties did not proceed to take depositions. See Pa.R.Civ.Proc. 209. Instead they agreed to submit the matter to the court of common pleas on briefs and argument. After argument, on March 30, 1979 the court dismissed appellants' petitions on the ground that the petitions were untimely. These appeals followed.

■ At the outset, we agree with appellee Bank that appellants have presented an insufficient basis on which to strike the confessed judgments. It is well–settled that a judgment can be stricken only where a defect appears on the face of the record. E. g., *Linnett v. Linnett*, 434 Pa. 441, 254 A.2d 7 (1969). "An application to strike off the judgment is not the proper remedy where there is an issue of fact as to the grounds for relief." 7 Standard Pennsylvania Practice, Ch. 30 (Relief from Judgments) § 165, p. 194 (rev. ed. 1961).

Here, appellants seek to support their petitions to strike by making the factual allegation not of record that the "debt, if any, is paid." Thus, assuming appellants' allegation that payment has been made constitutes a valid reason to strike the judgments, the petitions to strike off, by way of enlarging the present record, were properly denied.

■ We also agree with appellee Bank that appellants cannot open the judgments. "[T]he application for relief must be made without unreasonable delay, or it will be barred by laches. . . . [T]he application . . . must be made within a reasonable time, or the delay in applying for relief must be justified or explained." 7 Standard Pennsylvania Practice, supra at § 81, p. 105. See, e. g., *Horn v. Witherspoon*, 327 Pa. 295, 192 A. 654 (1937). Moreover, "[a] petition to open judgment is an appeal to the equitable side of the court, and the lower court's decision will not be disturbed absent a manifest abuse of discretion." *James v. Silverstein*, 224 Pa.Super. 489, 490–91, 306 A.2d 910, 911 (1973). "[W]hether there was undue delay is a matter largely within the discretion of the court. . . ." 7 Standard Pennsylvania Practice, supra at § 79, p. 100.

Here, the record indicates that appellants waited three years after their claimed payment before attempting to open the judgment. Appellants incorrectly believed the judgment notes were collateral security for two unrelated, partnership promissory notes. But even when these unrelated notes were marked cancelled in June and October of 1975, appellants neither received any notice that the recorded judgments had been satisfied nor took any steps to confirm satisfaction of record. Indeed, when appellee Bank proceeded to execution, appellants took no action to challenge appellee. "A long delay after knowledge of all the facts casts doubt upon the good faith of the defense and gives weight and probability to the evidence adduced to rebut it." 7 Standard Pennsylvania Practice, supra at p. 101, quoted in *Canter v. Canter*, 238 Pa.Super. 347, 357 A.2d 659 (1976).

Although appellants claim appellee has not been prejudiced, the record is clear that it has. The loans in question were made to Lehigh Stationery Co., Inc. in reliance upon

the guarantee agreements and the $45,000.00 judgment notes. The corporation has been adjudged bankrupt in the meantime. Appellee must now rely upon the judgment notes to recover the monies which the now—defunct corporation was obliged to pay. Compare *James v. Silverstein*, supra. Thus, even assuming appellants have a meritorious defense, the chancellor committed neither an error of law nor abuse of discretion in ruling that appellants failed promptly to seek relief.

Orders affirmed.