471 A.2d 109

**Olga SZWECKI**

v.

**The TRAVELERS INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1983.

Filed Jan. 27, 1984.

Walter Faderewski, Pittsburgh, for appellant.

W. Thomas Laffey, Jr., Pittsburgh, for appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

Appellant/defendant Travelers Insurance Company appeals from the judgment entered January 19, 1982. Said judgment was based on the trial court's order of December 21, 1981 granting partial summary judgment in favor of appellee/plaintiff Olga Szwecki. As we find this appeal to be interlocutory, we quash.

Mrs. Szwecki's husband was killed as a result of an automobile accident while insured by appellant. She then instituted an assumpsit action against appellant to recover

both interest and attorney's fees for appellant's delayed payment of work loss benefits under the Pennsylvania No-fault Insurance Act, 40 P.S. § 1009.101 et seq.

The order in question states:

## ORDER OF COURT

AND NOW, this 21st day of December, 1981, after argument and upon consideration of the parties' briefs submitted in support thereof, it is hereby Ordered as follows:

1. Partial Summary Judgment shall be entered in favor of the Plaintiff insofar as it relates to Plaintiff's entitlement to interest at the rate of eighteen per cent (18%) per annum on all "overdue" work loss payments. Said interest shall be calculated in accordance with the formula set forth in the foregoing Opinion.

2. Plaintiff's Motion for Summary Judgment as it relates to the question of Plaintiff's entitlement to attorney's fees is denied and such entitlement, if any, shall be determined by the Court at the time of trial.

BY THE COURT

s/ Staisey, J., J.

I CONCUR:

s/ Ralph H. Smith, Jr., J.

Ralph H. Smith, Jr.

■ Although neither party on appeal has challenged the jurisdiction of this court, it is fundamental that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338 (1980). Therefore, we shall consider the issue of appealability of this order *sua sponte*. *Rohr v. Keystone Ins. Co.*, 294 Pa.Super. 179, 439 A.2d 809 (1982).

This court has jurisdiction over "all appeals from *final orders* of the courts of common pleas." Act of July 9, 1976, P.L. 586, NO. 172, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we ... look to 'a practical rather

than technical construction' of an order." *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). "A final order is one which ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 404, 319 A.2d 677, 678 (1974)." *Pugar v. Greco,* 483 Pa. at 73, 394 A.2d at 544–45. On the other hand, "an order is interlocutory and not final unless it effectively puts litigant 'out of court.'" *Giannini v. Foy,* 279 Pa.Super. at 556, 421 A.2d at 339 (citations omitted).

*Bagshaw v. Vickers,* 286 Pa.Super. 246, 249, 428 A.2d 664, 665 (1981).

We find the facts in the instant case similar to those found in both *Rohr v. Keystone Ins. Co., supra* and *Schaefer v. Am. States Ins. Co.,* 272 Pa.Super. 67, 414 A.2d 672 (1979). In both cases, partial summary judgment was rendered with respect to a part of the plaintiff's claims, leaving other claims to be determined at a later time. In both cases, we held the appeals interlocutory.

■ The trial court's order in the instant case clearly did not end the litigation or dispose of the *entire* case, as the issue of attorney's fees remained to be adjudicated.

Appeal quashed.