481 A.2d 641

**Stewart V. HAGGERTY and Martha Haggerty**

v.

**Philip Jay FETNER, Appellant.**

Superior Court of Pennsylvania.

Argued March 13, 1984.

Filed Aug. 10, 1984.

Petition for Allowance of Appeal Denied Nov. 29, 1984.

336

Paul R. Beckert, Jr., Fairless Hills, for appellant.

John T. Dooley, Lansdale, for appellees.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

CAVANAUGH, Judge:

In this case, the appellees, Stewart V. Haggerty and his wife Martha Haggerty, sold a farm located in Bucks County, Pennsylvania to the appellant in 1974 for $180,000.00. A first mortgage was granted to the appellant by the Federal Land Bank of Baltimore and the appellees, Dr. and Mrs. Haggerty, took back a second mortgage in the amount of $50,400.00. The appellant executed a note and mortgage in favor of the Haggertys in connection with this financing arrangement. Subsequently, considerable litigation between the parties ensued. The appellant commenced an action against the appellees and others in equity claiming that the appellees, their real estate agents, the title insurance company and the Pennsylvania Department of Revenue had conspired to defraud him by failing to disclose the existence of an encumberance against the property. The appellees in turn commenced an action in mortgage foreclosure against the appellant as he allegedly had not made all of the payments due under the second mortgage. This picture was further complicated as the first mortgagee, Federal Land Bank of Baltimore, commenced mortgage foreclosure proceedings against the appellant on its first mortgage. The appellant defended the Federal Land Bank's legal action on the ground, *inter alia*, that the bank was guilty of fraud in the inducement in making the contract. The court below entered judgment in favor of Federal Land Bank and we affirmed. *See Federal Land Bank v. Fetner*, 269 Pa.Super. 455, 410 A.2d 344 (1979). Petition for allowance of appeal was denied by the Pennsylvania Supreme Court on December 10, 1979.

On October 24, 1979, the appellant and appellees entered into a settlement agreement, which was approved by the court below, designed to settle the litigation between the parties. The order provided that the appellees would satisfy the second mortgage upon payment by the appellant of $2,500.00 by January 31, 1980, subject to further extension, and payment by October 24, 1980 of $25,000.00. The agreement further provided that in the event the $25,000.00

payment was not made when due, the obligation of Dr. and Mrs. Haggerty to satisfy the mortgage:

> shall become null and void and the Haggertys shall have the right to enforce their existing mortgage immediately in its full principal amount together with interest as stipulated in the said mortgage, less only such payments as they theretofore have been made by Fetner, or others on his behalf on account of such mortgage.

Appellant made the $2,500.00 payment when due. On July 11, 1980, the property was sold at sheriff's sale by the first mortgagee. Appellant made no payment toward the $25,000.00 due under the settlement agreement. On February 4, 1981, the appellees confessed judgment against the appellant on the basis of the note executed in connection. with the second mortgage. The confessed judgment was in the amount of $77,995.32.[1] On that date written notice of the confession of judgment was given by the prothonotary to the appellant by ordinary mail in accordance with the requirements of Pa.R.C.P. 236. On May 15, 1981, the appellant filed his petition to open and/or strike the confessed judgment. Depositions of the parties were taken and on August 5, 1982, the court below through Ludwig, J. entered an order granting the appellant's petition to open "for the sole purpose of determining damages. In all other respects the petition is denied." It is from this order that an appeal has been taken to this court.

■ Initially, our attention must be directed to the appellees' Motion to Quash the appeal on the basis that the appeal is from an interlocutory order since damages were not finally determined. On February 17, 1983, we denied the Motion to Quash without prejudice to the right of the appellees to present the issue to the panel. It was so presented and we will deny the motion. We agree that the order is interlocutory as the matter has not fully been

---

1. The appellees proceeded in the court below by filing a "Complaint in Confession of Judgment" under Pa.R.C.P. 2951(b). Pa.R.C.P. 2951 sets forth the method of proceeding to enter judgment by confession on a note.

disposed of in the court below. *See Szwecki v. The Travelers Insurance Company,* 324 Pa.Super. 32, 471 A.2d 109 (1984). However, the Pennsylvania Rules of Appellate Procedure, Rule 311(a)(1) provides:

**Rule 311. Interlocutory Appeals as of Right**

**(a) General Rule.** Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

(1) *Affecting judgments.* An order opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment.

Accordingly, the Motion to Quash will be dismissed and the matter will disposed of on the merits.

■ A motion to open a confessed judgment is addressed to the sound discretion of the hearing court and the exercise of the court's discretion will not be disturbed on appeal unless the court below has committed a manifest abuse of discretion or error of law. *Lincoln Bank v. Kelly,* 282 Pa.Super. 261, 422 A.2d 1106 (1980). As noted in the recent case of *First Seneca Bank and Trust Co. v. Laurel Mountain Development Corporation,* 324 Pa.Super. 352, 357, 471 A.2d 875, 877–78 (1984):

Few principles are more clearly established in this Commonwealth than that a judgment debtor seeking to open a confessed judgment must act promptly, must allege a meritorious defense and must present such evidence of the defense as to indicate the issues are a question for the jury.

■ With respect to the type of evidence to be presented in support of a defense we stated in *Weitzman v. Ulan,* 304 Pa.Super. 204, 209, 450 A.2d 173, 176 (1982): "The petitioning party bears the burden of producing sufficient evidence to substantiate its alleged defenses ... The defenses raised must be 'valid' ones." In the instant case, the court found that a valid defense had not been set forth, and we agree.[2] Appellant has taken the rather anomalous posi-

---

**2.** In his petition to open and/or strike the judgment entered by confession the appellant sets forth his defenses as follows:

tion that he has a defense to the note based on fraud in the inducement and yet claims that the settlement of October 24, 1979 "was a full settlement of all disputes and controversies between the parties." The basis of the dispute in the appellant's equity action against the appellees in the court below was that the appellees and others had defrauded him in connection with the original sale of the farm. Appellant also raised fraud in the inducement in the mortgage foreclosure action against him brought by the Federal Land Bank of Baltimore. As we interpret the settlement agreement of October 24, 1979, all disputes concerning the alleged fraud were resolved and settled, and fraud in the inducement may not now be raised as a defense to the mortgage and note.

Although the underlying disputes were settled by the October agreement, the appellant still had the obligation to

10. Petitioner, Defendant in the above-captioned action, avers that he has a meritorious defense in that:

a. The settlement of the matter as set forth by the Order of the Court attached hereto as Exhibit "C" was a full settlement of all disputes and controversies between the parties, the sole remedy by which was granted to the Plaintiffs herein was a mortgage on the real estate, and that it was agreed and understood that there was to be no personal liability arising out of the transaction. Therefore, by the sale of the real estate, Defendant, Petitioner herein, is entitled to accord and satisfaction and discharge of all liabilities and obligations, if any, owed to the Plaintiffs.

b. Alternatively, in the event that it is found there was no discharge of all liabilities as a result of the settlement of this matter, Defendant is entitled to prove fraudulent inducement and the other defenses raised in the pleadings attached hereto as Exhibits "A" and "B", arising out of the transaction from which the mortgage note, which is the subject of these proceedings, was a part, which defenses are a complete and full defense to all actions hereto.

c. It is further averred that the note and the authority to confess contained therein was expressly extinguished by the mortgage foreclosure, which extinguished any mortgage obligation out of which the note was a part, and therefore there was no authority inherent under the circumstances to confess under that provision.

d. Further it is averred that the credits shown do not include Fifteen Thousand Dollars ($15,000.00) paid on account of the mortgage, which adjusts the balance due, affects the interest owed, the penalty and attorney's commission, and the claim therefore is in error as a matter of record with the Court, and further that the claim for interest and penalty should not be assessed during the period of time over which there was litigation.

pay the appellees $25,000.00 as a prerequisite to the satisfaction of the second mortgage held by the appellees and in the absence of such timely payment "the Haggertys shall have the right to enforce their existing mortgage immediately in its full principal amount together with interest as stipulated in the said mortgage ..." The settlement agreement also provided:

In the event the subject property is sold pursuant to a tax sale, or judicial sale, pursuant to a mortgage sale, or judgment sale, the obligation to fulfill and satisfy the mortgage upon payment of Twenty Five Thousand Dollars shall be null and void.

■ Appellant argues that he has no further personal liability under the note and that the note did not survive the agreement. This contention lacks substantial merit. It is undisputed that the appellant made the $2,500.00 payment to the appellees but did not pay the $25,000.00. The parties under the settlement agreement, including the appellant, intended that the $25,000.00 should be paid when due and provided that if it were not paid the appellants still had their remedies under the note and mortgage. It would be completely unreasonable for the appellees to give up their rights under the note and mortgage if the $25,000.00 were not paid. One of the purposes of the settlement agreement was to assure payment by the appellant of this financial obligation. Since the property was sold at a foreclosure sale by the Federal Land Bank of Baltimore in July 1980, we can understand the appellant's desire to avoid the obligation to pay the $25,000.00 but he is bound by the terms of the settlement agreement. We are not impressed by the appellant's argument that the parties intended that only the mortgage and not the mortgage note was to survive the settlement agreement. If this were so, the appellees would have no real protection after a judicial sale on the first mortgage, as their second mortgage would be valueless. Appellant contends that:

It is submitted that is exactly what the parties intended and it is why that [sic] they granted the Haggertys the

right to not be bound by any limitation of their claim in the event of a judicial sale so that there would be no limitation in the right to participate but that given the overlay of time in the other action it was clear that it was within everybody's contemplation that that was a risk involved in the settlement.

■ As far as the appellees were concerned the only risk they intended to assume was that the appellant would not pay the $27,500.00 he owed under the settlement agreement and they sought to protect themselves against that risk.[3] Admittedly, the settlement agreement does not refer specifically to the appellees' right to enforce the mortgage note and only refers to the mortgage. Nevertheless, the mortgage provides that "Mortgagor [appellant] agrees to comply with all of the provisions of the note." The mortgage further provides that *"The remedies of mortgagees [appellees] as provided herein, or in said note,* and all warrants herein and in said note contained, *shall be cumulative and concurrent ..."* (Emphasis added). The mortgage and note were clearly related in this case and the appellees' right to confess judgment on the note was not lost by virtue of the settlement agreement. We recognize that a mortgage and mortgage note are separate obligations. The note is evidence of the debt and mortgage provides the collateral security for the debt. *Evanovich Estate,* 487 Pa. 55, 408 A.2d 1092 (1979). In this case, however, the mortgage specifically gave the mortgagees, the appellees, all remedies under the mortgage note and this would include the right to confess judgment.

3. With respect to the risk of foreclosure on the first mortgage vis a vis the settlement agreement the appellant testified at deposition:

Q. But you knew the property was either in foreclosure or in danger of being foreclosed at the time you entered this particular agreement, did you not?

A. We all knew, including Judge Rufe.

In addition, appellant testified at deposition concerning the settlement agreement:

A. I don't want to be misunderstood. I owed the Haggertys pursuant to this matter, $25,000, the security for which obligation was the real estate. The mortgage survived to that extent.

 Pa.R.C.P. 2959(e) provides with respect to confessed judgments that "if evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." *See also, Industrial Valley Bank and Trust Company v. Lawrence Voluck Associates, Inc.,* 285 Pa.Super. 499, 428 A.2d 156 (1981). This rule determines the standard to be applied in determining whether a moving party has properly averred a meritorious defense. *The First Pennsylvania Bank v. Lehr,* 293 Pa.Super. 189, 438 A.2d 600 (1981). The test in evaluating the petitioner's evidence is whether there is a sufficiently disputed issue to go to the jury. *M.H. Davis Estate Oil v. Sure Way Oil,* 266 Pa.Super. 64, 403 A.2d 95 (1979). Applying these rules, we agree with the court below that there was no issue to be submitted to the jury with respect to a proper defense to the entry of confessed judgment on the note.

 The appellant contends that the confessed judgment must be stricken as the appellees failed to comply with the terms of the note by giving ten days notice that they were going to enter confessed judgment and because damages were assessed in a grossly excessive manner. A motion to strike a judgment will not be granted unless the fatal defect claimed appears on the face of the record. *First National Bank of Fryburg v. Kriebel,* 311 Pa.Super. 428, 457 A.2d 961 (1983). "If the alleged defect in the confessed judgment is based upon a matter dehors the record, the proper approach is to have the court open the judgment." *Equibank v. Dobkin,* 284 Pa.Super. 143, 147, 425 A.2d 461, 463 (1981). In this case, the matters complained of do not appear of record and the court properly refused to strike the judgment. In addition, once the settlement agreement was reached between the parties there would appear to be no further requirement to give notice prior to the entry of confessed judgment in the event that the $25,000.00 was not paid, and in this case payment had not been made. With respect to the amount of the confessed judgment, if it appears that it is excessive this matter

344

will be resolved when the court below determines the proper amount of the judgment. *See H.A. Steen Industries, Inc. v. Richer Communications, Inc.*, 226 Pa.Super. 219, 314 A.2d 319 (1973). Appellant claims that proper credit was not given for payments previously made on the mortgage note and this also will be resolved at the hearing on the question of damages.

Appellant also contends that the court below erred in finding that the petition to open and/or strike the confessed judgment was not promptly filed. The court found that the appellant did not act promptly in petitioning the court to open the judgment and under the facts of this case, we agree. The confessed judgment was entered on February 4, 1981 and the prothonotary sent notice to the appellant. The petition to open or strike was filed on May 15, 1981. At the time the confessed judgment was entered the appellant was a lawyer with offices in Washington, D.C.[4] He was involved in other activities besides the prac-

4. The appellant testified that he held a bachelor of arts degree from Yale University, a bachelor of law degree from Cambridge University in England and a doctor of jurisprudence degree from Harvard University.

The appellant testified concerning his professional activities and associations at the time the confessed judgment was entered as follows:

Q. Were you engaged in the active practice of law at that time?
A. Well, I don't know. That's a conclusion. Active practice. I was doing some legal work so in that sense, I was not a full-time attorney in the sence of engaging full-time in the practice of law but I was handling some legal matters.
Q. At that time, of what bars were you a member?
A. I guess Pennsylvania and New York.
Q. Were you a member of the Bar of Washington D.C.?
A. No.
Q. Where were your offices located in February of 1981?
A. Well, I guess Washington, D.C. and abroad.
Q. What was the office address in Washington?
A. 1218 16th Street, Northwest.
Q. Were you associated with any firm at that time?
A. It was somewhere around that time, I was of counsel to the firm of Kirkwood, Kaplan, Russin & Vecchi. Somewhere in that period that was terminated. It could have been July, 1980 but it may not have been. It may have gone into '81.
Q. Did you have a secretary there?
A. A secretary?
Q. Yes.
A. Yes.

tice of law and spent time in third world countries on various business activities. Nevertheless, he maintained an office in Washington, D.C. with a secretary, and resided in that city. Appellant testified that during the period February, 1981, to May, 1981, he believed he was traveling in Africa and "the odds are very good that I was in Nigeria but I would have been in any one of about eight countries that I frequent in Africa." He was not out of touch with his office for longer than several weeks. He testified that he was not sure if he had been out of the country without interruption from February to May, and that "if I came back at any point it would have only been for a very short period of time. At that time, I was returning to the States for maybe a week at a time." Appellant testified that he did not actually see the prothonotary's notice until May, 1981, although it was delivered to his office or home at an earlier date. The court below found that the petition to open was not promptly filed and the reason for the delay was unacceptable. "There is no time limit on the exercise of the power of a court to open a confessed judgment." *First National Bank of Allentown v. Stoudt,* 237 Pa.Super. 238, 241, 352 A.2d 162, 164 (1975). However, the petition to open must be promptly filed. *First Pennsylvania Bank v. Lehr, supra.* The appellant knew, or should have known, that the first mortgage on his real estate was foreclosed in July, 1980 and that the farm he purchased had been sold. He certainly knew that he had not paid the $25,000.00 he owed on the note as set forth in the settlement agreement. He could not insulate himself from knowledge of the confession of judgment by a procedure in which his secretary did not open his mail while he was out of the country on business for an extended period of time. Whether there is undue delay is a matter largely within the discretion of the court to which a petition to open is submitted. *First Valley Bank v. Donatelli,* 279 Pa.Super. 521, 421 A.2d 321 (1980). In the unusual circumstances of this case the court below did not abuse its discretion in refusing to open judgment.

Appellees' Motion to Quash the appeal denied and Order of the court below affirmed.

WIEAND, J., filed concurring statement.

WIEAND, Judge, concurring:

I agree with the majority that there was no basis on which the trial court could properly strike the judgment. I also agree that appellant failed to allege a defense sufficient to warrant an opening of the judgment. Under these circumstances, I find it unnecessary to determine whether appellant's delay in filing a petition to open the judgment was adequately explained by his absence from the country.