## Cohen v. City of Philadelphia

*Lewis Kates,* for petitioner.

*John P. Garrity,* for respondent.

WEINROTT, J., July 21, 1966.—Petitioners, A. Harold Cohen, Harry Cohen, Muriel Cohen and Anna Cohen, seek delay compensation from the Redevelopment Authority of Philadelphia, pursuant to section 611 of the Eminent Domain Code of June 22, 1964, P. L. 84, on certain awards made by the board of view for damages sustained by the condemnation of their properties on September 23, 1964.

The redevelopment authority contends that the board of view, in its discretion, found that no damages for delay were due, and in the alternative that its awards state that they are "For all elements of damage under the Eminent Domain Code of 1964", and, therefore, delay compensation was calculated therein.

Section 611 of the code provides:

". . . Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation: . . . Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto. . . ."

The comment on this section states that, under this section, the condemnee is entitled to delay compensation as a matter of right. Consequently, no discretion could be exercised by the board of view. Moreover, contrary to respondent's contention, the board of view's awards do, in fact, contain the date from which damages for delay shall be calculated in its

statement, "The date of taking or injury in this proceeding has been adjudicated to be September 23, 1964".

The board obviously did not include or calculate interest on its awards. Such action would be a clear violation of the mandate of section 611 of the code, which states that compensation for delay shall not be included by the viewers in its award, but shall, at the time of payment of the award, be calculated as provided in that section and added to the award. Even a cursory analysis of the award discloses that the use of the term "For all elements of damage . . ." was not intended to encompass interest. The award to A. Harold Cohen and Harry Cohen itemizes real estate, machinery and dislocation, with the amount allocated to each and the total. It is most evident that no delay compensation is included.

In view of the foregoing, we enter the following:

ORDER

And now, to wit, July 21, 1966, respondent, Redevelopment Authority of the City of Philadelphia, is directed to pay to petitioners, A. Harold Cohen and Harry Cohen, Muriel Cohen and Anna Cohen, delay compensation on their respective awards at the rate of six per cent per annum from September 23, 1964, until March 25, 1966, the date said awards were paid.