## In re Condemnation of 166-168 William Street

*Richard H. Roesgen,* for condemnor.

*John P. Campana,* for condemnees.

GREEVY, P. J., June 7, 1972.—This matter is before us on a case stated. On February 17, 1969, the Redevelopment Authority of the City of Williamsport, condemnor, filed a declaration of taking against the premises known as 166-168 William Street, Williamsport, Pa., owned by Michael R. D'Addio and Jennie T. D'Addio, condemnees; a jury verdict was rendered in favor of the condemnees on December 9, 1969, in the amount of $37,000, being general damages of $34,000, and business dislocation damages of $3,000. On June 1, 1970, the condemnees delivered possession of the premises to the condemnor. On June 5, 1970 "a settlement without prejudice" was entered into whereby $37,000 was paid by the condemnor to the condemnees. This amount did not include interest or delay compensation.

### QUESTIONS INVOLVED

Two questions are presented for our consideration.

1. (a) Whether the condemnees are entitled to compensation for delay in payment during the period commencing February 17, 1969, that being the date the declaration of taking was filed, to June 5, 1970, the date that the jury verdict was paid?

(b) Whether the compensation for delay in payment is limited to the period commencing June 1, 1970, the date on which the condemnees delivered possession to the condemnor, to June 5, 1970, the date upon which the jury verdict was paid to the condemnees?

2. Whether the condemnees are entitled to interest on their jury verdict of December 9, 1969, in the amount of $37,000 at the rate of six percent interest until June 5, 1970, the date that the verdict was paid?

## DISCUSSION

It is clear from the text of the Eminent Domain Code of June 22, 1964 (Spec. Sess.) P. L. 84, art. VI, sec. 611, 26 PS §1-611, that delay compensation accrues from the date possession is relinquished to the date of payment. Thus, the condemnees are entitled to delay compensation from June 1, 1970, to June 5, 1970.

We now turn to the second question. Section 611, supra, ends with the sentence "(T)here shall be no further or additional payment of interest on the award or verdict." This pronouncement is an apparent direct conflict with the Act of April 6, 1859, P. L. 381, sec. 1, 12 PS §781, which declares that interest accrues on a verdict from the date it is rendered to the date it is paid. The last sentence of section 611 is clear and unequivocal, it bars all "further or additional" interest on either "the award or verdict." We are constrained to read this statute "as clear and free of all ambiguity": Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. Where, as here, one act was passed later in time and deals with a specific situation, i.e., condemnation rather than generally, the later, specific statute controls.

Hence, we must apply the letter of the law and find that delay compensation as calculated in section 611 is the sole additional item of compensation which accrues to a condemnee. Therefore, the condemnees cannot be entitled to more than delay compensation from June 1, 1970, to June 5, 1970.

## CONCLUSIONS OF LAW

1. The condemnees are entitled to delay compensation from June 1, 1970, to June 5, 1970.

2. The condemnees are not entitled to interest on the verdict.

## ORDER

And now, June 7, 1972, judgment is entered in favor of the condemnees against the condemnor, and it is ordered that the Redevelopment Authority of the City of Williamsport, condemnor, pay the condemnees delay compensation in the amount of $24.36.