In the Matter of: Condemnation by Redevelopment Authority of The City of McKeesport, Allegheny County, Pennsylvania, for Urban Redevelopment Purposes of Certain Properties in the Downtown Urban Renewal Project, Pa. R-125 in The City of McKeesport, Pennsylvania, being the Property of: Berger-Kutner Realty Corporation, or any other persons found to have an interest in the property. Berger-Kutner Realty Corporation, Appellant.

Argued October 28, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert Palkovitz*, with him *Palkovitz and Palkovitz*, for appellant.

*Thomas J. Dempsey,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, December 17, 1975:

Appellant-condemnee property owner would have us declare its entitlement to delay compensation solely because of alleged noncompliance by the condemnor with Section 522 of the Eminent Domain Code[1] in failing to attach a "schedule of proposed distribution" to its petition to deposit estimated just compensation and payment thereof into court. The Section 522 proceedings were initiated by the condemnor, Redevelopment Authority of the City of McKeesport (appellee) to obtain possession of condemnee's property pursuant to Section 407 of said Act, 26 P.S. §1-407.

The genesis of this appeal was the filing of a declaration of taking by appellee on June 16, 1969, against property owned by the Berger-Kutner Realty Corporation (appellant). Thereafter, appellee filed its petition to deposit estimated just compensation which contained averments that the appellee needed immediate possession and that the various parties holding compensable interests in the property could not agree on the distribution of the estimated just compensation. These facts were uncontroverted by appellant's pleadings. Pursuant to an order of the lower court, appellee deposited the sum of $110,000.00 representing its estimate of just compensation.

The petition also identified five tenants believed to have leasehold interests in the premises as well as liens of record at the time of the taking, but did not contain any document formally captioned "schedule of proposed distribution."

Appellant at no time petitioned for distribution of the deposited funds as it was empowered to do by Section 522. However, in February of 1973, upon the peti-

---

1. Act of June 22, 1964, Special Sess., P. L. 84, *as amended,* 26 P.S. §1-522.

tion of the second mortgagees,[2] distribution of the $110,-000.00 was made pursuant to a formal schedule of proposed distribution filed by appellee at that time.

In the interim, appellee had requested a board of viewers, and ultimately, a jury fixed just compensation at $175,800.00.[3] After payment of all taxes and liens, $39,715.16 remained for distribution to appellant.

Apparently dissatisfied with its compensation and seeking greater remuneration for its property, appellant then filed a petition for delay compensation on the $110,-000.00 deposit, which petition was dismissed by the court below. This appeal followed.

Section 611 of the Eminent Domain Code, 26 P.S. §1-611, provides:

"[N]o compensation for delay shall be payable with respect to funds paid on account, or by deposit in court, after the date of such payment or deposit."

This exception to the right of a condemnee to receive delay compensation, in our view, bars appellant from any right of recovery, even if one assumes noncompliance on the part of the appellee with Section 522 in having failed to file a proper schedule of proposed distribution. The payment into court of estimated just compensation by a condemnor is the event that releases the condemnor from the obligation of paying delay compensation, not the submission of a schedule of proposed distribution.

We must agree with the observation of the court in *In re: Condemnation of 146 Columbia Avenue, Vandergrift, Pennsylvania,* 52 West. L.J. 303 (1970), that payment into court amounts to a constructive payment to the owner and all other interested parties.[4] This is especi-

---

2. Appellant filed preliminary objections to this petition for distribution.

3. Delay compensation was paid on the $65,800.00, which was in excess of the $110,000.00 deposited with the court.

4. *See United States v. 287.89 Acres of Land, Clearfield County, Pennsylvania,* 283 F. Supp. 190 (W.D. Pa. 1968). Here, the

ally true in view of a condemnee's right to petition for distribution as provided by Section 522 and that in this case, second mortgagees did, in fact, initiate distribution proceedings. In this context, we disagree with appellant's essential contention that the word "thereafter" as contained in Section 522 barred appellant from petitioning for distribution until appellee had filed a formal schedule of proposed distribution.

The language of Section 611 is unequivocal and free from ambiguity. The Statutory Construction Act of 1972, 1 Pa. C.S. §1903(a), under such circumstances, requires its language to be given its ordinary and common meaning; since appellee had paid funds into court, delay compensation is excused.

As the court pointed out in *Trexler v. Commonwealth, Department of Transportation,* 63 Pa. D. & C.2d 792 (1974), Section 522 specifically addresses itself to the subject of condemnor's failure to give proper notice of the filing of a petition by requiring payment of delay compensation in such cases. No exception is provided in this section for the failure to submit a "schedule of proposed distribution," and we will not create one. Hence, the provisions of Section 611 apply.

Furthermore, we are not willing to conclude that appellee failed to submit an adequate "schedule of proposed distribution" within the contemplation of Section 522. Here, because the parties were unable to agree on distribution of the estimated just compensation, appellee incorporated into the body of its petition the identity of appellant and tenants of the property known to it (the condemnees); attached was an exhibit identifying all known mortgagees, tax liens, and other claims in order to aid the court if distribution were sought by any one entitled to share therein. This, coupled with the fact

court observed that "[s]ince the money on deposit may be considered as tender to them, they may now not complain about their own failure to apply for it." 283 F. Supp. at 192.

that the first mortgage was in excess of the estimated compensation, would elevate form over substance to now award delay compensation to appellant for want of a more formal and exact "schedule of proposed distribution."

In *Trexler, supra,* the court accepted a schedule of proposed distribution under Section 522, which did not provide a breakdown as between landlord and tenant condemnees, and similarly, no good reason exists here for requiring an exact dollar allocation among landlord and tenants, as those parties were in a better position to ascertain the various leasehold interests involved.

The order of the lower court is affirmed.