506 A.2d 511

In Re: The Matter of Condemnation of a Certain Parcel of Land in the Township of South Park, Allegheny County, Pennsylvania by the Township of South Park, Allegheny County, Pennsylvania for Public Street and Road Purposes, Now or Formerly of Stephen B. Slovak and Rose Slovak, his wife, et al. William J. Schwartz and Donna J. Schwartz, his wife, Appellants.

Submitted on briefs December 27, 1985, to Judges CRAIG, and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*W. J. Helzlsouer,* for appellants.

No appearance for appellees.

OPINION BY SENIOR JUDGE BARBIERI, March 19, 1986:

This is an eminent domain case wherein the Appellants, William J. Schwartz and Donna J. Schwartz, appeal an order of the Court of Common Pleas of Allegheny County which denied their petition to modify an earlier court order. That earlier court order provided for the payment by South Park Township (Township) of just compensation into the court in return for the prothonotary marking the Appellants' petition for appointment of viewers settled, discontinued and ended, with prejudice. Appellants contend that the common pleas court erred when it failed to include delay damages and limited reimbursement of appraisal costs and attorney's fees in the amount that the Township was required to pay into the court. We affirm in part and reverse in part.

The following facts are pertinent. Appellants were the owners of a parcel of land subject to a Declaration of

Taking filed by the Township on March 11, 1973. Appellants filed a petition for appointment of viewers in 1981 and viewers were appointed. The Board of View filed its report with the court on February 14, 1984 wherein it fixed the amount of just compensation at $7,500 and also fixed the date of relinquishment of possession for delay damage purposes at March 11, 1973. Neither Appellants nor the Township appealed that report. The Township encountered some difficulties with the Appellants regarding the method of payment and subsequently filed a petition with the court to pay the amount of just compensation into the court. On April 6, 1984, an order was entered by the common pleas court authorizing the Township to pay the amount of the just compensation found by the Board of View, $7,500, into the court as full and complete satisfaction of the award of the Board of Viewers and releasing the Township from any further liability to the Appellants. On May 24, 1984 the Township deposited the funds with the common pleas court and the prothonotary marked the docket as settled, discontinued and ended with prejudice. On July 6, 1984, Appellants petitioned the court to authorize payment of the funds so deposited to them and to modify the order of April 6, 1984 to include delay damages under Section 611 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-611, and limited reimbursement of appraisal costs and attorney's fees under Section 610 of the Code, 26 P.S. §1-610. The common pleas court denied Appellants' petition to modify on October 11, 1984. It is from that order that Appellants now appeal.

In this appeal, Appellants argue that the exclusion of delay damages under Section 611 of the Code and reimbursement of attorney's fees and appraisal costs under Section 610 of the Code was error in that they were en-

titled to those awards as a matter of law and that such errors were not waived by their failure to seek a modification of the order within thirty days of the entry of that order. A final order or judgment may be amended by the court to correct its own errors, omissions, or oversights. *Davis v. Commonwealth Trust Co.*, 335 Pa. 387, 7 A.2d 3 (1939). A petition to amend a final order or judgment is addressed to the sound discretion and the equitable power of the hearing court, and that court's exercise of its power will not be reversed in the absence of a manifest abuse of discretion or an error of law. *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.*, 324 Pa. Superior Ct. 352, 471 A.2d 875 (1984). Generally, a motion to amend a final order or judgment will not be granted unless the fatal defect claimed is apparent on the face of the record. *Haggerty v. Fetner*, 332 Pa. Superior Ct. 333, 481 A.2d 641 (1984). The precise issue presented for our resolution, then, is whether the Appellants' entitlement to an award of delay damages and partial reimbursement of attorney's fees and appraisal costs is a matter of right so that the failure of the common pleas court to include those awards in its order of April 6, 1984 constitutes an error of law requiring reversal of its denial of their petition to amend that order. We think that it does.

We initially note that it is the award of the Board of View, when not appealed, and not the order authorizing payment of just compensation into the court, which constitutes the final judgment in eminent domain cases. Sections 515 and 522 of the Code; 26 P.S. §§1-515 and 1-522; *Hafez v. Redevelopment Authority of the City of Wilkes-Barre*, 19 Pa. Commonwealth Ct. 202, 339 A.2d 644 (1975). *See also* Snitzer, Pennsylvania Eminent Domain §523. We also recognize that under Section 611 of the Code that a condemnee is entitled to an award of delay damages as a matter of right, calculated

at the rate of six per cent per annum from the date of relinquishment of possession until the time of payment, unless just cause is shown to the contrary. *Commonwealth v. 21.1 Acres of Land in Washington Township, Butler County*, 61 Pa. Commonwealth Ct. 383, 433 A.2d 915 (1981); *In re Condemnation of 166-168 Williams Street*, 57 Pa. D. & C. 2d 401 (C. P. Lycoming 1972); *Cohen v. City of Philadelphia*, 40 Pa. D. & C. 2d 441 (C. P. Philadelphia 1966); Snitzer, Pennsylvania Eminent Domain §611-2.1 (1980 Supplement).

Here, the Board of View, in its report of February 14, 1984, specifically found March 11, 1973 to be the date from which delay damages are to be calculated. That date was also found to be the date of relinquishment of possession. Therefore, since the Township did not appeal the viewer's holding that possession was relinquished as of March 11, 1973, that determination was conclusive and the Appellants became entitled to delay damages calculated from March 11, 1973. *Hay v. Commonwealth*, 21 Pa. D. & C. 3d 567 (C. P. Somerset 1980). The Board of View needed only to determine the date of relinquishment of possession as no set figure for delay damages can be included by the board in its award in that delay damages can be calculated only at the time of payment of compensation. *Alberts v. Urban Redevelopment Authority of Pittsburgh*, 2 Pa. Commonwealth Ct. 167, 277 A.2d 361 (1971). Payment by the Township into the common pleas court was not made until May 24, 1984 at which time the running of delay damages was stopped pro tanto. *Matter of Condemnation by Redevelopment Authority of City of McKeesport, Allegheny County*, 22 Pa. Commonwealth Ct. 390, 348 A.2d 918 (1975); *Trexler v. Department of Transportation*, 63 Pa. D. & C. 2d 792 (C. P. Lehigh 1974). Therefore, since the Appellants were entitled to delay damages as a matter of right, the common pleas court

erred as a matter of law when it ordered that the Township be released from all liability and the matter marked as settled, discontinued and ended with prejudice upon the Township's payment of only the fixed amount of just compensation.

We now turn to the issue of whether the common pleas court erred as a matter of law when it failed to require the Township to partially reimburse the Appellants for attorney's fees and appraisal costs under Section 610 of the Code as a precondition to releasing the Township from liability to the Appellants. Section 610 reads as follows:

§1-610. *Limited reimbursement of appraisal, attorney and engineering fees*

The owner of any right, title, or interest in real property acquired or injured by an acquiring agency, who is not eligible for reimbursement of such fees under sections 406(e) [26 P.S. §1-406(e)], 408 [26 P.S. §1-408] or 609 [26 P.S. §1-609] of this act, shall be reimbursed in an amount not to exceed five hundred dollars ($500) as a payment toward reasonable expenses actually incurred for appraisal, attorney and engineering fees.

It is clear from the statutory language that a condemnee is not absolutely entitled to a limited reimbursement of appraisal, attorney and engineering fees under Section 610. The condemnee must first show that he or she is not entitled to reimbursement of such fees under Sections 406(e), dealing with successful preliminary objections to a Declaration of Taking, 408, dealing with a revocation of condemnation proceedings by the condemnor, or 609, dealing with proceedings where no Declaration of Taking has been filed. Under those sections, the condemnee is entitled to reimbursement of all reasonable fees expended for appraisals, attorney's

fees and engineering studies. In all other cases, the reimbursement for such fees is limited to a maximum amount of $500. The record is clear that neither Section 406(e), 408 or 609 is applicable to the Appellants' circumstances. Accordingly, Section 610 is applicable to the instant case.

Our reading of Section 610, however, compels us to conclude that the statute, unlike Section 611, is not self-executing and that a condemnee may waive his claim to partial reimbursement of fees under Section 610. Section 610 provides for reimbursement of expenses *actually incurred*. Therefore, a condemnee has the burden of showing that he or she expended funds for appraisals, attorneys or engineering studies in order to be entitled to the limited reimbursement provided by Section 610. In their petition to modify the order of April 6, 1984, Appellants concede that they were present in court on April 6, 1984 and that no claim for attorney's fees was made nor evidence submitted as to expenses actually incurred for appraisals, attorney's fees or engineering studies. In fact, no such claim was made until the petition to modify was submitted by Appellants' new counsel on July 6, 1984, three months after the hearing and order in question was entered. Under these circumstances, where no claim for reimbursement under Section 610 was made to the common pleas court nor was there evidence submitted as to actual expenses incurred for such reimbursable items, we hold that the Appellants have waived any claim that they had for partial reimbursement of appraisal, attorney's and engineer's fees under Section 610. The common pleas court correctly denied Appellants' motion to amend on this ground.

In view of the foregoing, we shall reverse the order of the common pleas court which denied the Appellants' motion to modify that court's order of April 6, 1984 and

remand this matter to said common pleas court to modify that order to include an award of delay damages calculated at the rate of six per cent from March 11, 1973 until May 24, 1984. The order marking this matter as settled, discontinued and ended, with prejudice, is ordered stricken.

## ORDER

Now, March 19, 1986, the Order of the Court of Common Pleas of Allegheny County at Docket No. GDB1-28077, dated October 11, 1984, which denied the petition of William J. Schwartz and Donna J. Schwartz to modify that court's order of April 6, 1984, is reversed insofar as it denied the claim for delay damages under Section 611 of the Eminent Domain Code, and affirmed insofar as it denied the claim for appraisal and attorney's fees under Section 610 of the Eminent Domain Code. The docket entry of the Prothonotary of the Court of Common Pleas of Allegheny County marking this matter as settled, discontinued and ended, with prejudice, is ordered stricken. The matter is remanded back to said court for further proceedings consistent with this opinion.

Jurisdiction relinquished.