In re Condemnation by the Pennsylvania Turnpike Commission of 1.1182 Acres in Fee Simple in Hempfield Township, Westmoreland County, Commonwealth of Pennsylvania, for the Amos K. Hutchinson Bypass (Greensburg Expressway) Project.

Condemnees: Raymond E. Cossell and Charlotte Cossell, his wife.

In re Condemnation by the Pennsylvania Turnpike Commission of 1.12 Acres in Fee Simple in Hempfield Township, Westmoreland County, Commonwealth of Pennsylvania, for the Amos K. Hutchinson Bypass (Greensburg Expressway) Project.

Condemnees: Robert E. Cossell, Jr. and RuthAnn Cossell, his wife.

Appeal of Raymond E. COSSELL and Charlotte Cossell, his wife, and Robert E. Cossell, Jr., and RuthAnn Cossell, his wife, Appellants. (Two Cases).

Commonwealth Court of Pennsylvania.

Argued June 8, 1995.
Decided Nov. 30, 1995.

Gary M. Horewitz, for appellants.

Donald J. Snyder, Jr., for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Raymond E. Cossell, Charlotte Cossell, Robert E. Cossell, Jr. and RuthAnn Cossell (collectively, Condemnees) appeal from an order of the Court of Common Pleas of Westmoreland County (trial court) denying Condemnees' Petition to Open and Set Aside Satisfaction and Discontinuance. We reverse and remand.

On February 14, 1990, the Pennsylvania Turnpike Commission (Condemnor) filed a

Declaration of Taking of two parcels of property, one owned by Raymond and Charlotte Cossell and the other owned by Robert and RuthAnn Cossell. (R.R. at 5a–7a; 84a–86a.) Eventually, the parties agreed to a settlement regarding the taking and signed a settlement agreement (Agreement), which stated in pertinent part:

a. [Condemnor] shall pay Raymond E. Cossell and Charlotte Cossell, his wife, the sum of $200,000.00 for real estate, machinery and equipment, *and any applicable interest, fees and expenses under the Eminent Domain Code,* or otherwise, from which amount will be deducted the estimated just compensation of $73,000.00, or a net sum of $127,000.00.

b. [Condemnor] shall pay Raymond E. Cossell and Charlotte Cossell, his wife, the sum of $300,000.00 for the inventory located upon the real estate, *and any applicable interest, fees and expenses under the Eminent Domain Code,* or otherwise.

. . . .

a. [Condemnor] shall pay Robert E. Cossell, Jr., and RuthAnn Cossell, his wife, the sum of $500,000.00 for real estate, machinery and equipment, *and any applicable interest, fees and expenses under the Eminent Domain Code,* or otherwise, from which amount will be deducted the estimated just compensation of $318,000.00, or a net sum of $182,000.00.

b. [Condemnor] shall pay Robert E. Cossell, Jr., and RuthAnn Cossell, his wife, the sum of $425,000.00 for the inventory located upon the real estate, *and any applicable interest, fees and expenses under the Eminent Domain Code,* or otherwise.

(R.R. at 38a–41a.) (Emphasis added.) Within the 60–day payment period set forth in the Agreement, Condemnor paid the specified amounts and, on March 29, 1994, Condemnees executed and filed a Receipt and Praecipe to Satisfy. (R.R. at 42a–43a.)

However, on December 7, 1994, Condemnees filed a Petition to Open and Set Aside the Satisfaction and Discontinuance, (R.R. at 46a–49a), believing that the Condemnor failed to pay them delay damages under section 611 of the Eminent Domain Code (Code).[1] Condemnees focus on the language in the Agreement that they were entitled to a specified amount *"and any applicable interest, fees and expenses under the [Code]."* Based on their interpretation of the Agreement, Condemnees believe that the amounts specifically mentioned in the Agreement were to be *supplemented by* an amount for applicable interest, fees and expenses, i.e., section 611 delay damages. The trial court, however, denied the petition, holding that the Agreement represented the entire agreement of the parties and included all amounts payable. The trial court believed that a separate assessment of delay damages would have been contemplated by the parties at the time of the settlement and, thus, refused to introduce, in addition to the amounts already specified in the Agreement, an additional amount due in the form of delay damages.

■ Condemnees now appeal to this court,[2] arguing that the trial court erred in denying their petition. Condemnees believe that they are entitled to be paid delay damages because delay damages are a matter of statutory right and, as such, must be specifically waived in a settlement agreement. *See In re Condemnation of Certain Parcel of Land,* 96 Pa.Cmwlth. 59, 506 A.2d 511 (1986). Moreover, Condemnees assert that the parties here could not have included delay damages in the payable amounts specified in their Agreement. Condemnees reason that delay damages continue to accrue until the date that just compensation is paid and, because just compensation had not yet been paid at the time of the signing of the Agreement, the parties could not have known the amount of delay damages to include in the Agreement. We agree.

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–611.

2. Our scope of review in an eminent domain case is limited to whether the trial court abused its discretion or committed an error of law and whether the trial court's findings of fact are supported by substantial evidence. *Appeal of Commonwealth, Department of Transportation,* 146 Pa.Cmwlth. 344, 605 A.2d 1286 (1992); *see In re Condemnation of Certain Parcel of Land,* 96 Pa.Cmwlth. 59, 506 A.2d 511 (1986).

Section 611 of the Code, 26 P.S. § 1–611, provides in pertinent part as follows:

> Compensation for delay in payment shall ... be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation.... Compensation for delay ... shall at the time of payment of the award or judgment be calculated as above and added thereto.

Thus, this court has held that the award of delay damages is a matter of right and that delay damages can be calculated only at the time of the payment of compensation. *In re Condemnation of Certain Parcel of Land*, 96 Pa.Cmwlth. 59, 506 A.2d 511 (1986). Our supreme court, however, has held that the mandatory six percent rate of interest for delay damages is unconstitutional and that condemnees are entitled to delay compensation at the commercial loan rates of interest prevailing during the detention period in question. *Hughes v. Commonwealth Department of Transportation*, 514 Pa. 300, 523 A.2d 747 (1987).[3]

■ Condemnees, then, have a legal right to delay damages calculated at the time of payment for the period during which payment was detained using the prevailing commercial interest rates. Because this is a legal right, Condemnees here do not have to ask or bargain for the payment of delay compensation.

■ Even so, we believe that Condemnees did ask and bargain for the payment of delay damages. The Agreement, after providing for the payment of the determined value of the Condemnees' real and personal property, states "and any applicable interest ... under the [Code]," which is a clear and unambiguous statement that Condemnees were asserting their right to delay damages under section 611 of the Code.[4]

Accordingly, we reverse the order of the trial court and remand this case for a hearing to determine the applicable rate of interest, the period of detention and amount of delay damages due to Condemnees on the unpaid balance of the determined value of the real and personal property taken by the Condemnor.

### ORDER

AND NOW, this 30th day of November, 1995, the order of the Court of Common Pleas of Westmoreland County, dated December 7, 1994, is hereby REVERSED. This case is remanded to the trial court to conduct a hearing in accordance with this opinion. Jurisdiction relinquished.

---

3. In *Hughes*, 514 Pa. at 310–12, 523 A.2d at 752–53, our Supreme Court stated:

> The General Assembly cannot by legislation determine what is just compensation. In Section 611 they fixed the interest rate for delay damages at six percent per annum.
>
> ....
>
> The record in this case clearly demonstrates that the six percent interest rate mandated by Section 611 of the Code would not have provided just compensation to the condemnees. Therefore, the trial court acted appropriately in refusing to impose that rate, and choosing instead the prevailing commercial loan rate.

4. Moreover, the Agreement does not contain a single word which can be construed as a waiver of the Condemnees' right to delay compensation.