IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Miller and Mary Lou Miller,   :
             Appellants   :
                         :   No. 573 C.D. 2022
                         :
          v.           :
                         :   Argued: February 7, 2023
The Borough of Indian Lake     :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZANNO CANNON, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE McCULLOUGH                 FILED: June 23, 2023


      Richard Miller and Mary Lou Miller (Millers) appeal the May 12, 2022 order of the Court of Common Pleas of Somerset County (trial court), which dismissed with prejudice their Motion for Appraisal, Attorney and Engineering Fees (Motion for Fees) pursuant to Section 710 of the Eminent Domain Code (Code), 26 Pa. C.S. § 710.[1] The Millers assert that the trial court erred and/or abused its discretion by dismissing their Motion for Fees as untimely and waived. Upon review, we affirm.

### FACTS AND PROCEDURAL HISTORY

      The facts of this case are not in dispute. This matters stems from a dam remediation project undertaken by the Borough of Indian Lake (Borough) at the direction of the Pennsylvania Department of Environmental Protection. On May 21, 2013, the Borough filed a Declaration of Taking in the trial court to expand the existing flowage easement to an elevation of 2,295.5 feet across the Millers' property. The Millers filed a Petition for a Board of Viewers (Board), which was appointed.

---

[1] 26 Pa. C.S. §§ 101-1106.

Following a hearing, the Board issued its report and awarded no damages. The Millers appealed the Board's award to the trial court seeking just compensation for the taking. On September 15, 2020, following a two-day jury trial, the jury rendered a verdict of no damages. Following the filing and denial of post-trial motions, the trial court entered final judgment on the verdict on December 3, 2020. The Millers appealed the trial court's final judgment to this Court, which affirmed the verdict on November 16, 2021.[2] This Court returned the record to the trial court on January 27, 2022.

On February 14, 2022, the Millers filed the Motion for Fees seeking, for the first time, $8,699.75 in fees and costs pursuant to Section 710.[3] On February 22, 2022, the Borough sent a letter to Judge Scott Bittner of the trial court arguing that the Millers waived their ability to request reimbursement because the request was untimely. (Reproduced Record (R.R.) at 23a-25a.) The trial court issued an order scheduling the matter for oral argument on May 2, 2022, and ordered the Millers to file a memorandum identifying where in the record they made a claim for reimbursement of fees and submitted evidence of such claim. On April 18, 2022, the Millers filed a brief. Upon agreement of the parties, oral argument was canceled, and the trial court decided the matter on the parties' filings.

By order dated May 12, 2022, the trial court dismissed with prejudice the Millers' Motion for Fees. Relying on *In re Matter of Condemnation of a Certain Parcel of Land in South Park Township By South Park Township*, 506 A.2d 511 (Pa. Cmwlth. 1986) (*South Park*), the trial court concluded the Millers waived their ability to request reimbursement for failing to timely raise the issue prior to the entry of the final judgment. The trial court further noted that the Millers "had no reason to wait until

---

[2] *Richard Miller and Mary Lou Miller v. The Borough of Indian Lake* (Pa. Cmwlth., No. 1269 C.D. 2020, filed November 16, 2021).

[3] It is undisputed that the Millers did not seek in the trial court reimbursement under Section 710 until after the conclusion of their appeal.

2

their appeal was finished to request reimbursement of fees because they paid fees exceeding the maximum statutory amount of reimbursement well before this case even made it to trial." (Trial Court Opinion at 6; R.R. at 33a.)

Subsequently, the Millers timely appealed to this Court. The trial court did not file a separate opinion in response to the Millers' concise statement of errors complained of on appeal, but instead relied on its May 12, 2022 memorandum.

## ISSUES

On appeal, the Millers raise the following three issues:

1. What time limit, if any, applies to a Motion for Appraisal, Attorney and Engineering Fees under 26 Pa. C.S. § 710?

2. Is a Condemnee required to file a motion under 26 Pa. C.S. § 710 as soon as expenses reach $4,000?

3. Is the *In re Matter of Condemnation of a Certain Parcel of Land in South Park Township By South Park Township*, 506 A.2d 511 (Pa. Cmwlth. 1986) either "controlling" or applicable to a case that is neither settled nor closed by court order?

(Appellants' Br. at 2.) Because the Millers' three issues relate to the same central question, namely, whether their Motion for Fees was timely filed in the trial court, we address all the issues together.

## DISCUSSION

In full, Section 710 reads as follows:

(a) **General rule.**--The owner of any right, title or interest in real property acquired or injured by an acquiring agency, who is not eligible for reimbursement of fees under section 306(g) (relating to preliminary objections), 308(d) (relating to revocation of condemnation proceedings) or 709 (relating to condemnee's costs where no declaration of taking filed), **shall be reimbursed in an amount not to exceed $4,000 per property, regardless of right, title**

3

**or interest, as a payment toward reasonable expenses actually incurred for appraisal, attorney and engineering fees**, except where the taking is for an easement related to underground piping for water or sewer infrastructure, in which case the reimbursement is limited to $1,000, regardless of right, title or interest.

**(b) Attorney fees.**--In determining reasonable attorney fees under sections 306(g), 308(d), 709 and this section, the court shall consider all of the circumstances of the case including, but not limited to, time records if available.

26 Pa. C.S. § 710 (emphasis added). Section 710 is located in Chapter Seven of the Code titled, "**Just Compensation and Measure of Damages**," which outlines the procedures for valuing condemned property. 26 Pa. C.S. § 710 (emphasis added). Under this section, a condemnee who is not otherwise eligible for reimbursement of fees under provisions relating to preliminary objections, revocation of condemnation proceedings, or the condemnee's costs where no declaration of taking is filed, must nevertheless be reimbursed in an amount not to exceed $4,000 per property as a payment toward reasonable expenses actually incurred in defending the condemnation for appraisal, attorney, and engineering fees.[4] In other words, a condemnee who unsuccessfully challenged a declaration of taking may request reimbursement for professional fees up to $4,000 for some of the fees and costs he incurred challenging the litigation condemnation.

The clearest indication of legislative intent is generally the plain language of the statute. 1 Pa. C.S. § 1921. This provision, and its placement in the Code in the chapter titled, "**Just Compensation and Measure of Damages**," clearly indicates a legislative intent to compensate a condemnee for the expenses incurred in the

---

[4] There is an exception for instances where the taking is for an easement related to underground piping for water or sewer infrastructure, which is not applicable here.

condemnation litigation including reasonable appraisal, attorney and engineering fees. The amount of the fees which can be reimbursed is limited to $4,000. Reimbursement of these fees is not contingent upon the condemnee's success in the condemnation litigation or subsequent appeals. An unsuccessful condemnee can still incur damages as the result of the condemnation by having to pay for appraisal, attorney, and engineering fees. It is clear that limited reimbursement of these fees ($4,000) as a measure of damages under Section 710 is not a separate suit for fees, but instead, a part of the condemnation action itself. Because appraisal, attorney and engineering fees are items of damages, they **must** be included in the court's final judgment. It follows then that the condemnee must necessarily provide evidence of, and request reimbursement for, these damages **before** the final judgment is entered.

In *South Park*, the condemnees filed a petition for appointment of viewers in response to the township's declaration of taking. 506 A.2d at 512. There, the Board of Viewers filed a report wherein it fixed the amount of just compensation that became final because neither party appealed the report. *Id.* Because there were issues with payment, the township filed a petition to pay the amount of just compensation into escrow, which the common pleas court granted. *Id.* Thereafter, the township made the payment into escrow, and the docket was marked as settled, discontinued, and ended with prejudice. *Id.* Forty-three days later, the condemnees petitioned to authorize payment of funds in escrow and to modify the common pleas court's order to include delay damages and reimbursement for appraisal and attorneys' fees under former Section 610 of the Code.[5] *Id.* The common pleas court denied the condemnee's petition to modify. *Id.*

---

[5] The former Section 610 of the Code provides:

> The owner of any right, title, or interest in real property acquired or injured by an acquiring agency, who is not eligible for

**(Footnote continued on next page…)**

5

On appeal, this Court in *South Park* considered the question of whether a petition to modify a final judgment to include delay damages and reimbursement for appraisal, attorney, and engineering fees was timely. *Id.* at 512-514. This Court concluded that reimbursement for the fees the condemnees incurred in defending the condemnation under Section 610 was not self-executing, and the language of Section 610 required that a claim for reimbursement must be presented prior to the entry of the final order, or it was deemed waived. *Id.* This Court based its conclusion on the fact that in order to obtain reimbursement or these fee-related damages, the condemnee had to prove it was not entitled to damages under other provisions of the Code *and* submit evidence that it had expended funds for fees and costs in the case. *Id.* at 514. Because the condemnees did not timely file their modification petition, this Court concluded the condemnees had waived their claim for fees. *Id.*

Here, following a jury trial, the jury rendered a verdict of no damages on September 15, 2020. Upon the filing of the Borough's praecipe, the trial court entered its final judgment in favor of the Borough on December 3, 2020. (Trial Court Op. at 4; R.R. at 31a.) The Millers did not file a Motion for Fees at any time prior to the entry of final judgment, and thus failed to preserve the issue for the trial court's determination. As in *South Park*, the request for reimbursement for fees was not filed with the trial court prior to its entry of final judgment. In fact, here, it was not filed

---

reimbursement of such fees under sections 406(e), 408 or 609 of this act, shall be reimbursed in an amount not to exceed five hundred dollars ($500) as a payment toward reasonable expenses actually incurred for appraisal, attorney and engineering fees.

26 P.S. § 1-610. Notably, the language of former Section 610 of the Code is identical in pertinent part to that of the current Section 710, except that the amount of reimbursement was limited to only $500. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, *formerly*, 26 P.S. §§ 1-101-1-903, repealed by Section 5(2) of the Act of May 4, 2006, P.L. 112, effective September 1, 2006, or the Eminent Domain Code, 26 P.S. §§ 101-1106.

until February 14, 2022, over two months after the trial court's final entry of judgment. We are compelled to find that as in *South Park*, the Millers' claim for reimbursement of fees as a measure of damages under Section 710 was waived by their failure to present it to the trial court prior to the entry of final judgment.

The Millers argue that the Court should attempt to devise a 30-day rule such that any request for reimbursement damages could be filed within 30 days of final judgment or the conclusion of any appeal. From what this Court can surmise, the Millers' argument seems to stem from Section 2503(10) of the Judicial Code, which provides for attorneys' fees in certain circumstances specified by statute within 30 days of the entry of final judgment. 42 Pa. C.S. § 2503(10). Section 102(a) of the Code already provides that it is the "complete and exclusive procedure and law" to be followed in condemnation proceedings. 26 Pa. C.S. § 102(a); *see also Township of Millcreek v. Angela Cres Trust*, 142 A.3d 948, 955 (Pa. Cmwlth. 2016) (noting that Section 102(a) of the Code "leaves no room" for the procedure set forth in Section 2503(10) of the Judicial Code). This Court has also stated that no other "procedure and law" set forth in the Pennsylvania Rules of Civil Procedure may apply in condemnation proceedings. *See Gilyard v. Redevelopment Authority of Philadelphia*, 780 A.2d 793, 794 (Pa. Cmwlth. 2001) (stating that "this Court has repeatedly held that the Rules of Civil Procedure are not applicable to eminent domain proceedings"). Therefore, although filing a motion for attorneys' fees in other cases within 30 days of the conclusion of the case may be standard, the Code governs here. Both the text of the Code and *South Park* clearly indicate that a claim for reimbursement damages is waived if it is not presented before final judgment is entered. If the motion for fees is filed at any time after final judgment, it must be deemed untimely.

Finally, with regard to whether such a claim for reimbursement of damages must be raised when attorneys' fees incurred by the condemnees have reached the $4,000 maximum, we find no basis in the text of the Code to support this. The trial

7

court's suggestion that any claim for reimbursement damages must be raised when a condemnee reaches $4,000 of incurred expenses is belied by the plain text of the statute. Section 710 does not provide for any specific method for the request, just that the claim be raised **and** evidence submitted prior to the entry of final judgment. This interpretation is consistent with the notion that the request for reimbursement damages be filed, in any such form, prior to the entry of final judgment under Section 710.[6]

## CONCLUSION

Accordingly, we are constrained to conclude the Millers' Motion for Fees was untimely filed. The order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] Our holding is limited to the determination that under Section 710, a motion for fees must be raised before the trial court prior to the entry of final judgment. We decline to establish a specific method to raise Section 710 claims.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Miller and Mary Lou Miller, :
            Appellants :
                       :
           v.            :   No. 573 C.D. 2022
                       :
The Borough of Indian Lake :

## ***ORDER***

AND NOW, this 23rd day of June, 2023, the order of the Court of Common Pleas of Somerset County dated May 12, 2022, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge